[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-10710

Non-Argument Calendar

_____

MICHAEL MCGEE,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-23934-DPG

_____

Before WILLIAM PRYOR, Chief Judge, JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

Michael McGee, a Florida prisoner, appeals the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. McGee argues that the district court erred by denying his petition without a transcript of a pretrial hearing in which the trial court decided to admit testimony of a similar uncharged sexual battery McGee committed. We affirm.

A Florida court tried McGee on two counts of sexual battery and one count of false imprisonment. K.H. testified that she visited a spa inside a Hilton hotel where, over her protestations, McGee digitally penetrated her three times while giving her a massage and refused to leave until she relinquished her cellular telephone, from which he sent himself a text message. Two other women, J.N. and E.K., testified that McGee similarly digitally penetrated them during their massages. *See Williams v. State*, 621 So. 2d 413 (Fla 1993). McGee denied touching the genitalia of all three women and stated that J.N. returned for a second massage. McGee testified that K.H. asked for his telephone number during the massage, that she was happy when she left the spa, and that she sent him text messages that evening.

The jury found McGee guilty of the two counts of sexual battery and not guilty of false imprisonment. The trial court

sentenced McGee to consecutive terms of 15 years and five years of imprisonment. On direct appeal, the Third District Court of Appeal summarily affirmed McGee's convictions and sentence. *McGee v. State*, 179 So. 3d 333 (Fla. Dist. Ct. App. 2015).

McGee moved for state postconviction relief on the ground that his trial counsel, Scott Miller, was ineffective. *See* Fla. R. Crim P. 3.850. McGee alleged that "[t]he *Williams* rule evidentiary hearing was not properly argued as counselor refused to present evidence, witnesses and further instructed [McGee] not to take the stand." McGee alleged that "witnesses . . . aware of some episodes of consensual sexual intercourse that took place in the hotel room . . . [between he and] E.K." "was withheld from *Williams* rule hearing" and "Hilton Management and Spa Staff were prevented from mentioning the sex tape they saw and knew existed." McGee alleged that Miller failed to confront K.H. with evidence of her relationship with McGee, of police approaching them on the beach, of a surveillance video recording at the hotel of a romantic interlude, of falsely accusing him of sexual battery after her scheme to sue the hotel failed, and of a courtroom surveillance recording of them being affectionate before his trial.

The state postconviction court held an evidentiary hearing on McGee's motion. McGee testified that K.H. had "raped" him while they were traveling together internationally in a country he could not name and that she was able to "influence" a foreign jury to find her not guilty as "part of the Me Too movement." McGee stated he did not mention the incident during trial because he

"forgot" about it. Miller testified that he subpoenaed the owner and employees of the spa to testify at trial, that he found no witnesses to counter prosecution witnesses, that he objected to the admission of evidence of his client's prior bad acts, that McGee never disclosed he had a relationship with K.H. or E.K., and that McGee never mentioned any video evidence. Miller stated that K.H. had an aggressive personality, was dissatisfied with the lackadaisical attitude of the prosecutor's office, and wanted McGee to receive a maximum sentence, so "there was no context where [she] would have had any positive interaction with Mr. McGee." At the conclusion of the hearing, the state postconviction court found "that nothing [McGee] said with respect to his interactions with Mr. Miller [wa]s credible," that McGee's testimony was "just preposterous," and that Miller "did the best that he could, under the circumstance[s] with the *Williams* rule witnesses and with the evidence at trial."

"After considering the evidence adduced at trial, [McGee]'s pleading, the testimony of Mr. Miller and [McGee]'s statements," the state court denied McGee's postconviction motion. The state court credited Miller's testimony and rejected McGee's "attacks against Mr. Miller [as] completely unbelievable." The state court highlighted that McGee's new revelations at the evidentiary hearing "further underscore[d] his lack of credibility."

McGee appealed and argued, for the first time, that Miller was ineffective for failing to object during E.K.'s *Williams* hearing and at trial to the admissibility of her testimony because she was

"caught . . . reading from her computer or iPad [as] she testifie[d] of her recountance." But the Third Circuit Court of Appeals did not address McGee's argument about E.K. *McGee v. State*, 278 So. 3d 257 (Fla. Dist. Ct. App. 2019). The appellate court affirmed the denial of postconviction relief on the ground that "the record of [the postconviction] evidentiary hearing contain[ed] competent substantial evidence to support the trial court's factual findings and, applying a de novo standard, . . . [that there was] no error in the trial court's conclusion that McGee failed to satisfy the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 . . . (1984)." *McGee*, 278 So. 3d at 257.

McGee moved for rehearing and argued that the appellate court "deni[ed] . . . [his] appeal without obtaining, viewing, or factoring in the entire record of appeal." The appellate court summarily denied McGee's motion. *Id.*

McGee filed a petition for a writ of habeas corpus in the district court. *See* 28 U.S.C. § 2254. He argued that the state trial court erred by admitting evidence of his prior bad acts and that trial counsel was ineffective in challenging the admissibility of that evidence. McGee alleged that "[t]he *Williams* rule evidentiary hearing was not properly argued by trial counsel as he did not present physical evidence or eyewitnesses who attested to state[']s witnesses telling them of not being improperly touched or violated in any way." He also alleged that "E.K. was caught by [the state trial court] via satellite communication hearing testimony viewing an electronic device iPad." He argued that, "[a]ccording to Florida rule of Court

90.613[, which requires a party to produce at a hearing 'a writing or other item to refresh memory while testifying' or else have 'the testimony of the witness concerning those matters . . . stricken,' Fla. Stat. § 90.613,] [E.K.] should have been stricken and not allowed to testify at trial."

McGee filed a motion to compel and requested transcripts of several hearings, but no *Williams* hearing. The magistrate judge denied McGee's motion on the ground that the State had to submit only "the records that [its] Response relied upon, not all of the records in [McGee]'s entire criminal case." The magistrate judge stated that McGee bore the "burden to provide evidence in support of his claims and to ultimately prove his case" and could "not use this [federal] case as a fact-finding expedition to search for evidence to challenge his state court case."

The district court denied McGee's petition. The district court ruled that, "to the extent [McGee] now challenges the application of the *Williams* Rule, his argument is misplaced because the *Williams* Rule is a state court evidentiary rule not governed by the Constitution or laws of the United States." *See id.* § 2254(a). The district court rejected McGee's argument that admission of the bad-acts evidence violated his right to due process because he "point[ed] to no decision from the United States Supreme Court showing that the use of such evidence [was] unconstitutional." The district court also rejected as "factually inaccurate" McGee's allegations that "his trial counsel was deficient during the *Williams* Rule hearing because he did not present witnesses and evidence to

impeach the State's witnesses." "Ultimately, [the district court ruled that McGee] d[id] not provide any legal authority to show that the state court's determination of his ineffective assistance of counsel claim was unreasonable based on federal law or the facts in light of the evidence presented." *See id.* § 2254(d).

We granted McGee a certificate of appealability to address "whether the district court properly applied the deference standard in 28 U.S.C. § 2254(d) in denying [his] claim that his trial counsel was ineffective at [E.K.'s] *Williams* rule hearing, where a transcript of . . . the relevant hearing[] is not part of the district court record."

We review *de novo* the denial of McGee's petition for a writ of habeas corpus. *Pope v. Sec'y, Fla. Dep't of Corr.*, 752 F.3d 1254, 1261 (11th Cir. 2014). McGee must "[s]urmount[] . . . [a] high bar" to overcome the presumption that his trial counsel performed adequately. *See Harrington v. Richter*, 562 U.S. 86, 105 (2011). McGee must prove that his trial counsel committed an error that was "so serious as to deprive [him] of a fair trial." *Strickland*, 466 U.S. at 687. And he also must overcome the "'doubly deferential' [standard that applies] when, as here, a state court has decided that counsel performed adequately." *Dunn v. Reeves*, 141 S. Ct. 2405, 2410 (2021).

McGee had to prove his claim of ineffective assistance of trial counsel during his state postconviction hearing. "At [the] evidentiary hearing, [McGee] . . . ha[d] the burden of presenting evidence and the burden of proof in support of his . . . motion, unless otherwise provided by law." Fla. R. Crim. P. 3.850(f)(8)(B); *see Black v.*

*State*, 304 So. 3d 45, 48 (Fla. Dist. Ct. App. 2020). McGee had to present "evidence . . . [to] substantiate" his claim that Miller ignored or overlooked grounds to impeach or exclude E.K.'s testimony. *Black*, 304 So. 3d at 48–49.

The state postconviction court had no need of a transcript of E.K.'s *Williams* hearing to review McGee's claim that Miller was ineffective. The dispute boiled down to a swearing match between McGee and Miller. McGee alleged that Miller should have impeached E.K. with a video recording of her and McGee having consensual sex, but McGee produced no evidence to substantiate his allegation. *See id.* And Miller testified that McGee never mentioned that he had sex with E.K. or that such an incident had been recorded. *See Strickland*, 466 U.S. at 691 ("Counsel's actions are usually based, quite properly, . . . on information supplied by the defendant."). The state court was entitled to credit Miller's testimony. "[S]itting as the fact-finder in [the] postconviction evidentiary hearing, the trial judge . . . [wa]s free to disbelieve [McGee]'s testimony" and to "find [his] testimony incredible or unreliable and, [because] otherwise unsupported, [to] hold it d[id] not constitute competent, substantial evidence to support [his] claims" that Miller was ineffective. *See Morales v. State*, 308 So. 3d 1093, 1098 (Fla. Dist. Ct. App. 2020), *review denied*, No. SC21-145 (Fla. Jan. 4, 2022). Based on the claims of ineffectiveness that McGee made in the state court, it could "evaluate the claims, weigh them against other evidence in the case, and reach a reasoned conclusion about . . . credibility" without a transcript of E.K.'s *Williams* hearing. *See id.*

McGee did not allege or present any evidence during his state postconviction hearing that Miller should have challenged E.K.'s testimony for using a device during her *Williams* hearing. Had McGee alleged or testified that E.K. used a device to supplement her testimony or had McGee questioned Miller about E.K.'s conduct during her *Williams* hearing, the state court might have needed to review the transcript of the pretrial hearing. But a review of a transcript of E.K.'s *Williams* hearing was unnecessary to assess Miller's conduct. And in accordance with state law, the state appellate court refused to consider a claim of ineffective assistance that McGee failed to preserve. *See Rhodes v. State*, 986 So. 2d 501, 513 (Fla. 2008) ("To be preserved, the issue or legal argument must be raised and ruled on by the trial court."); *Steinhorst v. State*, 412 So. 2d 332, 338 (Fla. 1982) ("[F]or an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the . . . motion below.").

The district court did not err when it rejected McGee's claim of ineffective assistance of trial counsel without reviewing a transcript of E.K.'s *Williams* hearing. McGee is entitled to a writ of habeas corpus only if the state court reached a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "This backward-looking language requires an examination of the state-court decision at the time it was made." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011).

So "the federal court [could] review [McGee's] claim [of ineffective assistance] based solely on the state-court record . . . ." *Shinn v. Ramirez*, 142 S. Ct. 1718, 1732 (2022) (citing *Pinholster*, 563 U.S. at 180). The district court did not need a transcript of the *Williams* hearing to evaluate the decision of the state court. *See Pope*, 752 F.3d at 1262–63.

We **AFFIRM** the denial of McGee's petition for a writ of habeas corpus.